227 So.2d 440

**Raymond SEAY**

v.

**STATE.**

**4 Div. 593.**

Court of Appeals of Alabama.

[Transferred to 4 Div. 2. Court of Criminal Appeals of Alabama.]

Sept. 9, 1969.

Rehearing Denied by Court of Criminal Appeals Oct. 7, 1969.

E. C. Boswell, Geneva, and Jack W. Smith, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Seay appeals from a judgment based on verdict finding him guilty of robbery with a prison sentence of ten years. The victim was Jim R. Peacock.

Here, in brief, all that is contended for reversal is that the State's evidence failed to make a case. We consider that it did.

The Attorney General, in brief, has excerpted as follows:

"Jim R. Peacock testified:

＊　　＊　　＊　　＊　　＊　　＊

" 'A   Yeah, one grabbed me around my waist and stomach-like.

" 'Q   All right, then what happened?

" 'A   Then one of them hit me.

" 'Q   Well, sir, who hit you?

" 'A   To my best of knowledge it was Raymond.

" 'Q   Raymond Seay?

" 'A   Yeah.'   (Tr. p. 3).

＊　　＊　　＊　　＊　　＊　　＊

"Mr. Peacock further testified as to the identity of the items:

" 'Q   You were shown those things, the radio and the dishes and the coffee and the flashlight and extension cord and some plates and green glass, sheets,—one sheet and bedspread; L. D. Sizemore showed them to you on Tuesday, didn't he?

" 'A   Yes.

" 'Q   Were those items he showed you there, were they your items?

" 'A   That's right.

" 'Q   Had you ever given anybody those items?

" 'A   Never have.

" 'Q   Were they in your house the last you knew about them?

" 'A   They were in my house.'   (Tr. pp. 20–21).

＊　　＊　　＊　　＊　　＊　　＊

"L. D. Sizemore, Deputy Sheriff of Geneva County, testified to the recovery of the items as follows:

" 'Q   All right, what were the items that Mrs. Seay gave you there?

" 'A   She gave me a bedspread and a bed sheet, two cups, and two small plates, just a size bigger than a saucer, and a ring glass, and a flashlight, and a jar of instant coffee—part of a jar of instant coffee.'   (Tr. p. 26).

＊　　＊　　＊　　＊　　＊　　＊

"Appellee submits that the State has met its burden of proof by showing that personal property of Mr. Peacock was taken from his person by violence and it was recovered only with the aid of the Sheriff's Department."

Under Code 1940, T. 13, § 66, third sentence, we are adjured not to clutter the reports with redundancy.

We have carefully reviewed the entire record as required by T. 15, § 389, and consider there is no merit in this appeal. The judgment below is

Affirmed.